**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LARRY L. LA MAR, | Civil Action No. 15-1988 (KM)(MAH) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MIDFIRST BANK, | |
| Defendant. | |

This matter comes before the Court on this Court's February 27, 2018 Order to Show Cause why Plaintiff's Complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.  D.E. 31.  Plaintiff failed to file a response to the Order to Show Cause by March 27, 2018.  Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers.  For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

**I.     Background**

On March 18, 2015, Plaintiff *pro se* filed a Complaint against Defendant Midfirst Bank, alleging that Midfirst Bank did not fulfill certain preconditions when it foreclosed on Plaintiff's residential property.  *See* Complaint, D.E. 1.  On May 2, 2017, the Undersigned issued ordered the parties to file a joint status report by May 9, 2017.  D.E. 22.  On May 9, 2017, Plaintiff filed a motion for an extension of time to file the status report.  D.E. 23.  The Undersigned granted Plaintiff's request and extended the deadline to file the joint status report to June 9, 2017.  Order, D.E. 24.  Plaintiff filed a report on June 9, 2017, and Defendant filed a separate status report on

June 13, 2017.  D.E. 25, 26.  In response, the Undersigned, on June 14, 2017, ordered Plaintiff to submit a letter to the Court by June 23, 2017 "specifically explaining what discovery remains to be taken, and the relevance of that discovery to the claims in this case." D.E. 27.

Plaintiff failed to do so, or to otherwise communicate with the Court or defense counsel.  On August 23, 2017, Defendant requested that in light of Plaintiff's failure to comply, the Court deem discovery to be concluded, and allow Defendant to move for summary judgment. D.E. 28.  Instead, the Court allowed Plaintiff another opportunity.  The Court required Plaintiff to file a letter on or before December 31, 2017 explaining (1) whether he intends to continue to prosecute the claims in this matter, (2) what discovery still remains, and (3) his failure to comply with the Court's June 14, 2017 Order.  D.E. 29.  The Court mailed this Order to Plaintiff via certified mail at the address of record.  However, it was returned as undeliverable on January 26, 2018.  D.E. 30.  On February 27, 2018, the Undersigned extended the deadline for Plaintiff to respond to the December 18, 2017 Order until March 27, 2018.  D.E. 31.  The Order further instructed Defendant to send a copy of the Order, along with a copy of the December 19, 2017 Order, to Plaintiff at his last known address and any other address Defendant may have for Plaintiff, via overnight delivery.  In addition, the Court sent Plaintiff a copy of the Order.  On March 15, 2018, a copy of the Order sent by the Court via regular mail was returned as undeliverable. D.E. 33

As of the date of this Report and Recommendation, Plaintiff has failed to respond to the Order to Show Cause or seek any extension of time to respond.  He also has not contacted the Court to update his address and contact information, or inquire into the status of this action.

    **II.**    **Legal Analysis**

**A.**    **Standards for Dismiss under Federal Rule of Civil Procedure 41(b)**

Dismissal of a plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."). *See also OPTA Systems, LLC v. Daewoo Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). Although not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### B.  Consideration of the *Poulis* Factors

#### i.  The extent of the party's personal responsibility

In the instant case, Plaintiff has failed to respond to the Orders of this Court requiring responses regarding the status of discovery. Nor has Plaintiff contacted the Court to explain his failure to comply, to update his address, or otherwise. As a result, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Accordingly, the Undersigned can conclude only that Plaintiff does not intend to further litigate his claims and has willfully chosen to abandon this suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time, Plaintiff cannot contend that his failure to prosecute this matter is the fault of counsel. *See*, *e.g.*, *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of his inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute his claims, such as responding to discovery when directed to do so, responding to Court Orders or explaining his inability to do so, or updating his address and contact information. In any event, a *pro se* plaintiff is solely responsible for prosecuting his case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted).

Accordingly, the first *Poulis* factor weighs in favor of dismissal.

#### ii.  Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff's inactivity and failure to comply with the Court's Orders has prejudiced Defendant. This case is more than three years old. Defendant has been unable to prepare a defense of this matter because Plaintiff has represented that discovery is not complete, but has failed to specify what discovery is sought and why, or to otherwise communicate with the Court. In short, Plaintiff's non-responsiveness has stalled Defendant's ability to defend itself.

Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii.     History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Since in or around June 2017, Plaintiff has, by all appearances, abandoned prosecution of this matter. Until June 2017, Plaintiff appeared prepared to litigate this matter, even responding to the Court's notices and orders, and filing an Amended Complaint. But the record before the Court establishes that for nearly a year, Plaintiff has made no effort to comply with his obligations in prosecuting these claims or to explain to the Court and defense counsel his inability to do so.

Further, Plaintiff has failed to update his mailing address as required by New Jersey Local Rule 10.1, which provides in pertinent part that

> Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being appraised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address chance may result in the imposition of sanctions by the Court.

The onus is on Plaintiff to provide any change of address, which he has failed to do. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its Orders and his failure to update the Court of any changes in his mailing address was willful and that he has chosen not to pursue his claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor also favors dismissal of Plaintiff's claims.

### iv.     Alternative Sanctions

This factor also favors dismissal, for several reasons. First, Plaintiff's failure to comply with the Court's Orders, or explain his inability to do so, or to contact the Court such as to update his address and contact information, strongly suggests that Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). In this case, there is no plausible reason to believe that any such fine or attorney's fees would spur Plaintiff to resume actively litigating this case.

### v.     Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders or provide any responses to discovery requests. *Porten*, 2011 WL

2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III. Conclusion

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

                                                                        **s/ Michael A. Hammer**
                                                                        **UNITED STATES MAGISTRATE JUDGE**

Date: May 21, 2018